THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANDREA DAUBER,

    Plaintiff,

v.

MICAH FARGEY,

    Defendant.

No. 3:17-cv-1457-PK

**ORDER**

**PAPAK, Magistrate Judge:**

In this legal malpractice action, Plaintiff Andrea Dauber claims that Defendant Micah Fargey, a member of the Oregon State Bar, breached his duty of care as an attorney when he represented Plaintiff in an employment discrimination action (the Underlying Action) against Vesta Hospitality, LLC (Vesta), Plaintiff's former employer.

The parties dispute to what extent, if any, Defendant is entitled to disclosure of materials relating to the mediation of the Underlying Action when Plaintiff was represented by her new counsel. I conclude that Plaintiff must disclose the following materials for the reasons stated below.

## BACKGROUND

Plaintiff alleges that after Defendant filed the Underlying Action against Vesta, Defendant participated in a settlement conference with Vesta on Plaintiff's behalf. Plaintiff alleges that Defendant "did not prepare a settlement memo for the arbitrator, did not prepare arguments or materials from which to advance Plaintiff's settlement position and took no substantive action in preparation for the mediation. Plaintiff was unable to resolve the case through mediation because Defendant did not prepare for the mediation." Compl. ¶ 20.

In September 2016, Plaintiff terminated Defendant's representation and retained attorney David Shannon. On December 9, 2016, Vesta filed a motion for summary judgment in the Underlying Action. Three days later, Plaintiff, represented by Shannon, settled with Vesta during mediation. Plaintiff alleges the settlement "resulted from Plaintiff having competently prepared-- including conducting discovery, submitting materials and preparing--for the second mediation." Compl. ¶ 24.

## DISCUSSION

The parties dispute the extent to which Plaintiff is required to disclose documents or other communications related to Shannon's representation of Plaintiff during the second mediation with Vesta. Under Oregon law, "Mediation communications are confidential and may not be disclosed to any other person." Or. Rev. Stat. § 36.220(1)(a); *cf.* Or. Rev. Stat. § 36.220(1)(b) (parties to a mediation may agree that all or part of their mediation communications are not confidential). "To the extent that a mediation agreement or communication is confidential under [Or. Rev. Stat. § 36.220], it is 'not admissible as evidence in any subsequent adjudicatory proceeding, and may not be disclosed by the parties or the mediator in any subsequent

adjudicatory proceeding.'" *Alfieri v. Solomon*, 358 Or. 383, 387, 365 P.3d 99, 102 (2015) (quoting Or. Rev. Stat. § 36.222(1)).

Here, I find that any documents Shannon may have drafted or submitted to the mediator as part of the mediation process are confidential and therefore not subject to discovery. Oregon defines "mediation communications" to include "[a]ll memoranda, work products, documents and other materials, including any draft mediation agreement, that are prepared for or submitted in the course of or in connection with a mediation or by a mediator, a mediation program or a party to, or any other person present at, mediation proceedings." Or. Rev. Stat. § 36.110(7)(b).

However, Plaintiff must disclose any relevant documents or communications that occurred after the close of mediation. The Oregon Supreme Court has held that "communications that occur after a settlement agreement is signed are not 'mediation communications' . . . and are neither prohibited from disclosure . . . nor inadmissible . . . . A communication is thus 'in the course of or in connection with' a mediation only if it is made during and at a mediation proceeding or occurs outside of a proceeding but relates to the substance of the dispute being mediated and is made before a resolution is reached or the process is otherwise terminated." *Alfieri*, 358 Or. at 397, 365 P.3d at 107-08.

Furthermore, documents, emails, or other communications between Plaintiff and Shannon concerning the mediation are subject to discovery and must be disclosed to Defendant, even if the documents or other communications occurred during mediation. The Oregon Supreme Court has addressed this issue, holding that "[p]rivate communications between a mediating party and his or her attorney outside of mediation proceedings, . . . are not 'mediation communications' as defined in the statute, even if integrally related to a mediation." *Alfieri*, 358 Or. at 404, 365 P.3d

Page -3- ORDER

at 111; *see also id.*, 358 Or. at 406, 365 P.3d at 112 ("Private discussions between a mediating party and his or her attorney that occur outside mediation proceedings, whether before or after those proceedings, are not 'mediation communications' . . . even if they do relate to what transpires in the mediation.").

I find that Plaintiff must disclose the settlement agreement itself to Defendant. Plaintiff states that the settlement agreement "provides that the parties to that agreement 'May disclose the terms of this agreement to their spouse, attorney, accountant, tax advisor, board members, officers, directors, the Internal Revenue Service, *or as otherwise required by law* . . . .'" Todd Decl. ¶ 4 (emphasis added), ECF No. 26. By this order, I require disclosure of the settlement agreement.

## CONCLUSION

Plaintiff is ordered to disclose to Defendant all documents, emails or other communications as required by this Order.

Dated this 26th day of April, 2018.

Honorable Paul Papak
United States Magistrate Judge